UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRUCE EDWIN MCMILLAN,            )
                                 )
         Plaintiff,              )     Case No.: 2:10-cv-02163-GMN-PAL
    vs.                          )
                                 )     **ORDER**
RONALD SPITZER, et al.,          )
                                 )
         Defendants.             )
                                 )

Pending before the Court is Plaintiff Bruce McMillan's Motion to Remand (ECF No. 12). Defendant Ronald Spitzer submitted a Response (ECF No. 20), to which Plaintiff filed a Reply (ECF No. 26). For the reasons that follow, Plaintiff's Motion will be GRANTED and this case will be REMANDED to state court.

**I.    BACKGROUND**

This lawsuit was filed in the Eighth Judicial District Court, Clark County, Nevada on November 5, 2010. Defendant Spitzer received the Complaint on November 26, 2010 and removed the lawsuit to this Court on December 14, 2010, contending that the Court has diversity jurisdiction because Defendant Spitzer is a citizen of California and Plaintiff is a citizen of Canada. (*See* Pet. For Removal, ECF No. 1.)

Plaintiff filed his Motion to Remand on December 27, 2010, arguing (1) that diversity jurisdiction does not exist because the other Defendant in the action--Milena Maria McMillan--and Plaintiff are both citizens of Canada, and (2) that Defendant Spitzer cannot remove this case because he is a citizen of Nevada or, at least, was a citizen of Nevada at the time the lawsuit was first filed in state court. Because Plaintiff's first argument is sufficient to warrant remand, the Court need not address the second.

## II. DISCUSSION

### A. Removal Jurisdiction

A civil action brought in a state court may be removed by the defendant to a federal district court if the district court could have had original jurisdiction over the matter. 28 U.S.C. § 1441(a).  But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have subject matter jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331, or where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332(a).  However, even if complete diversity exists, a case cannot be removed if any of the defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b).

Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*  The defendant has the burden of establishing that removal is proper. *Id.*

### B. Complete Diversity of Citizenship Does Not Exist

Defendant Spitzer does not dispute that Defendant McMillan is a citizen of Canada, nor does he dispute that Plaintiff McMillan is a citizen of Canada.  He simply believes that Defendant McMillan is a "sham" defendant and, thus, her citizenship is irrelevant to a diversity of citizenship analysis. (*See* Resp. 4:23-5:6, ECF No. 20.)  The only explanations Defendant Spitzer provides for why he believes that Defendant McMillan is a "sham" defendant are: "This Court's lack of personal jurisdiction over Ms. McMillan shows that she is just a 'sham' defendant," (Resp. 5:1-2, ECF No. 20), and Plaintiff McMillan has "joined as a co-defendant his Canadian ex-wife on claims that have already been fully settled based on divorce litigation that was fully resolved through trial in the Family Courts in Canada," (*id.*

at 5:17-18).

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotation marks omitted). A defendant must carry a heavy burden in order to show fraudulent joinder, as it must prove fraudulent joinder by "clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), and "all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor," *Soo v. United Parcel Service, Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999). Defendant Spitzer has not satisfied this heavy burden.

Merely alleging that Defendant McMillan is a "sham" defendant and contending, in a conclusory manner, that the Court lacks personal jurisdiction over her does not constitute the sort of "clear and convincing evidence" necessary to prove that she was fraudulently joined and that her citizenship is therefore irrelevant for the purposes of examining diversity jurisdiction. Nor did Defendant Spitzer provide "clear and convincing evidence" that Plaintiff's claims against Defendant McMillan were resolved during divorce proceedings when Defendant Spitzer simply stated that alleged fact in his Response and failed to provide any supporting evidence or argument. Due to Defendant Spitzer's failure to carry the requisite burden of proof, this Court cannot conclude that Defendant McMillan was fraudulently joined, particularly in light of the evidence and argument Plaintiff set forward in support of the theory that Defendant McMillan communicated and conspired with Defendant Spitzer in Nevada in support of the extortion scheme directed against Plaintiff, (*see* Resp. to Mot. to Dismiss, ECF No. 9).

Accordingly, complete diversity of citizenship does not exist and this case must be

remanded. *See Jungil Lee v. ANC Car Rental Corp.*, 220 Fed. Appx. 493, 495 (9th Cir. 2007) (explaining that "aliens may not be on both sides of the litigation" and finding a lack of diversity where the plaintiffs and one defendant were Korean nationals).

### C. Costs and Expenses Will Not Be Awarded

28 U.S.C. § 1447(c) permits a court to award "just costs and any actual expenses, including attorney's fees, incurred as a result of removal" where a case was improperly removed from state court.  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Instead, whether removal was objectively reasonable depends on the clarity of the applicable law and whether the law "clearly foreclosed" the defendant's arguments in favor of removal. *See id.* at 1066-67; *Wells Fargo Bank, NA v. Hunt*, No. C-10-04965 JCS, 2011 WL 445801, at *5 (N.D. Cal. Feb. 3, 2011).  An award of costs and expenses under section 1447(c) "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin*, 546 U.S at 139.

The Court does not find that Defendant Spitzer lacked an objectively reasonable basis for removing the lawsuit to federal court.  Although he certainly has not met his heavy burden of proving by clear and convincing evidence that Defendant McMillan is a fraudulently joined "sham" defendant, it was reasonable for him to believe that a Canadian defendant, who never physically entered Nevada, was added as a party to this lawsuit purely to defeat diversity jurisdiction.  It was not a basis that Defendant Spitzer did an adequate job of proving, but it was reasonable nonetheless.  In light of this, and in light of the fact that

Defendant Spitzer is proceeding *pro se*, *see Boutrup v. Washburn*, No. CIV-S-09-2678 GGH, 2009 WL 4573299, at *2 (E.D. Cal. Nov. 24, 2009) ("while having the status of pro se does not set up a dichotomy of rules vis-a-vis represented litigants, that pro se status warrants some consideration when reviewing a § 1447(c) request."), Plaintiff's request for costs and expenses will be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 12) is **GRANTED**, though costs and expenses will not be awarded.  This lawsuit is hereby **REMANDED** to state court.  **The Clerk's Office is directed to mail a copy of this Order to the clerk of the court for the Eighth Judicial District Court, Clark County, Nevada.**

DATED this 21st day of April, 2011.

_____
Gloria M. Navarro
United States District Judge